[No. 19603.  Department One.  April 15, 1926.]

ROBERT M. YOUNG et al., Respondents, v. INTERNATIONAL
STEVEDORING COMPANY, Appellant.[1]

[1] MASTER AND SERVANT (42, 145)—NEGLIGENCE ON PART OF MASTER
—PLACES FOR WORK—SUFFICIENCY OF EVIDENCE.  In an action by
a stevedore injured in a fall from a scow unloading lumber, the
negligence of the defendant is a question for the jury, where
there was evidence that the plaintiff, after dark, tripped on a
line by which the scow was moored, owing to the fact that it
was not placed in the usual and customary manner.

[2] SAME (111)—CONTRIBUTORY NEGLIGENCE.  In such a case, the
plaintiff cannot be charged with contributory negligence, as a
matter of law, where working in insufficient light was not the
direct cause of the injury, and merely prevented him from
avoiding a danger negligently placed in his way by the act of
his employer.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered March 28, 1925, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action for personal injuries.  Affirmed.

*Stephen V. Carey* and *Roy E. Bigham,* for appellant.
*G. F. Vanderveer,* for respondents.

FULLERTON, J.—The respondents, Young, recovered
against the appellant, International Stevedoring Com-
pany, for personal injuries suffered by the respondent
Robert M. Young, while working as a stevedore in the
employ of the appellant company.

The appellant was engaged in loading a steamship
with lumber.  The lumber was brought alongside the
vessel on a scow.  The scow was moored to the vessel
by means of lines extending from stanchions on the
vessel's deck to similar stanchions on the scow.  Two
lines were used to fasten the scow to the vessel, one at
each end of the scow.  They extended from the outer

[1]Reported in 245 Pac. 9.

corners of the scow to the vessel. The lines were purposely left somewhat slack, so as to allow the scow to accommodate itself to the changing surface level of the water. The scow also had room for a considerable movement both backwards and forwards.

The lumber had been placed on the scow in sling loads, in separate piles, and beneath each load were placed pieces of timber so as to leave a space of a few inches between the load and the floor of the scow. In unloading the lumber a wire sling or choker was placed around each separate pile, made fast and hooked onto the vessel's cargo tackle, from whence it was hoisted on board the vessel. At the time of his injury, the respondent was working on the scow, engaged in placing the chokers around the piles of lumber. The scow had then been unloaded save for one load placed athwart the scow on its extreme forward end. To place the choker around this load, the respondent placed himself on its outer side, and stooped over to get hold of the choker which his working partner pushed under the load from the opposite side. While in that position, the swaying of the scow caused the mooring line to tighten, trip the respondent, and throw him into the water in front of the scow. In falling, he struck a piece of timber floating on the water, and received painful and serious injuries. The injury occurred between 7 and 8 o'clock on the evening of January 3, 1924. It was then quite dark. No lights had been placed on the scow, and the respondent, on taking his position on the side of the load, did not see the position of the mooring line.

The negligence charged against the appellant is, that it placed the mooring line too directly across the front of the scow, so that as it tightened it swept over the end of the scow, whereas the usual and customary

manner of placing such lines, is to carry them further forward on the vessel, so that as they tighten and slacken they will swing clear of the end of the scow.

[1] The only contention made for reversal is, that the evidence does not support the verdict of the jury and the judgment entered thereon. The appellant itself introduced no evidence as to the manner and cause of the accident, and facts concerning these appear only in the testimony of the respondents' witnesses, and certain of these testified that the scow was moored to the vessel in the usual manner. As we read their testimony, however, they seem to have referred rather to the general manner in which the scow was moored to the vessel than to the manner of the placement of the line that caused the injury. But, be this as it may, there was at best nothing more than a conflict in the evidence. There was evidence to the effect that the line was not placed in the usual and customary manner, and the fact whether it was so or not was for the determination of the jury notwithstanding the conflict was between the respondents' own witnesses. Looking, therefore, to the evidence which the jury evidently believed, there was sufficient to show a negligent placement of the line.

[2] Nor can the respondent be charged, as matter of law, with contributory negligence. He cannot, of course, complain of the want of sufficient light, since he chose to work knowing the condition in this respect. But want of sufficient light was not the direct cause of his injury. It merely prevented him from discovering and avoiding a danger negligently placed in his way by the act of his employer. Working in insufficient light was not, therefore, the cause of his injury. He was warned of that and could protect himself from the danger of injury arising from it. But to show that he

worked under conditions which prevented him from discovering a latent danger not connected with his work, is not to charge him with contributory negligence.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, and MAIN, JJ., concur.